FELÍCITA CALVÓ RÍOS, Plaintiff and Appellant, *v.* BÁRBARA RAMÍREZ DE ARELLANO ET AL., Defendants and Appellees.

No. 6075. Argued January 30, 1934.—Decided April 27, 1934..

*A. Díaz Viera* for appellant. *Leopoldo Feliú* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Felícita Calvo Ríos, sister and heir of Socorro Calvo Ríos, seeks to set aside a certain testamentary provision made by José García Acevedo, instituting Bárbara Ramírez de Arellano as his sole and universal heir. She also seeks to recover a property described in the complaint and a certain sum of money.

Socorro Calvo Ríos, wife of José García Acevedo, died intestate in the Insular Insane Asylum of Puerto Rico, on October 11, 1931. Her sister, Felícita Calvo Ríos, was declared her sole and universal heir by judicial decree.

José García Acevedo died on February 25, 1924, while he was married to Socorro Calvo Ríos, and without leaving ascendants or descendants, brothers or sisters, or nieces or nephews. The said José García Acevedo made a will on February 2, 1924, designating the defendant Bárbara Ramírez de Arellano as his sole and universal heir, and in case she should die before him, he designated Rosa Amparo García as his

heir, without any limitation or condition other than that of the usufruct in favor the surviving spouse which belonged to his wife Socorro Calvo Ríos.

The liquidation, partition, and distribution of the estate of the deceased was carried out. The widow, then incapacitated, was represented by a guardian *ad litem* appointed by the district court, and with the intervention of such guardian, the estate was settled and the property described in the complaint was allotted to the heir Bárbara Ramírez de Arellano, in payment of her share and of certain debts or charges.

As a second cause of action it is alleged that on January 24, 1929, the said testamentary heir sold to her daughter and codefendant in this action, Rosa Amparo García, the property above mentioned, without receiving any price, value, or consideration therefor; and that said simulated sale was made in order to enable the appellee Rosa Amparo García to appear as a third person (*tercero*) and thus avoid any claim on the part of the heirs of Socorro Calvo Ríos. It is further alleged that the defendant Bárbara Ramírez de Arellano continued to collect the rents and products of the property, thereby depriving of her rights the decedent's widow, who at that time was confined in the Insular Insane Asylum.

As a third cause of action it is alleged that in the settlement above mentioned there was allotted to the appellee Bárbara Ramírez de Arellano the sum of $7,000, the amount of a promissory note signed by José García Acevedo a few days before his death, plus the sum of $2,040 as accrued interest. It is further alleged that said promissory note is null and void, as the same had been issued without any price, value, or consideration, and that the said promissory note was issued and signed by José García Acevedo and accepted by the defendant Barbara Ramírez de Arellano with the intent to defraud Socorro Calvo Ríos, wife of José García; that neither she nor her guardian in her behalf had consented to said obligation; that the aforesaid promissory note is null and void on account of the relations existing between the defendant

Bárbara Ramírez de Arellano and José García Acevedo, who lived together in public concubinage; that the execution of the said promissory note involved a restriction of the estate belonging to the conjugal partnership that existed between José García Acevedo and Socorro Calvo Ríos; that said sum of $9,040 has been unduly collected and that Socorro Calvo Ríos was incapacitated and confined in the Insane Asylum on the dates referred to in the promissory note.

The defendants demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action. The lower court sustained the demurrer, and rendered judgment dismissing the complaint because an amendment would be of no avail.

It is urged that the lower court erred in holding that section 920 of the Civil Code is applicable only to intestate successions and that to apply said section to a testate succession would be equivalent to depriving the testator of his right to freely dispose of his property. It is also urged that there was error in holding that the complaint did not state facts sufficient to constitute a cause of action.

The question raised by the parties reduces itself to a determination as to whether section 920 of the Civil Code is applicable to a testate succession. This enactment appears in the Civil Code in the chapter that deals with the "Order of Succession," which commences with the descending direct line, and all those provisions follow the ones which govern intestate succession.

Said section, which is numbered 909 in the 1930 edition of the Civil Code, reads as follows:

"In default of brothers and nephews, the surviving spouse shall succeed to all the property of the decedent, whether or not the sisters and nephews be of the whole blood or the half blood."

It is clear that this section ought to be applied only in cases of intestate succession. If this were not so, the result would be that a spouse, who may dispose freely of a part

of his property even if he have descendants and ascendants, would be deprived of that right if he had no forced heirs, no brothers, or no nephews.

In this case, if section 920 should be held applicable to testate successions, all of the property of the decedent would belong to the surviving widow. Scaevola, in volume 16, page 450, of his Commentaries on the Civil Code, says that "the right of the surviving spouse to inherit in case of intestate succession is that fixed in section 952 of the Civil Code." Section 952 of the Spanish Civil Code is the same as section 920 of our Civil Code, section 909 in the 1930 edition. See also Manresa, *Comentarios al Código Civil Español,* (5th edition), volume 7, page 156.

In our judgment, the court below correctly applied the law in deciding that the widow in this case has no right to inherit under the provisions of section 920 of the Civil Code.

The present case deals with a testate succession in which the testator protected the rights of his wife by reserving to her the usufructuary portion. It does not appear that the rights of the widow, in so far as the usufruct is concerned, have been infringed. On the contrary, it is alleged in the complaint that Socorro Calvo Ríos was represented by a guardian *ad litem* in the valuation, liquidation, partition, and allotment of the estate of the decedent, José García Acevedo.

The lower court rendered judgment dismissing the complaint, upon the ground that the same was not susceptible of amendment. We believe that with respect to the third cause of action opportunity ought to have been given to the complainant to clarify her allegations. Reference is made in this part of the complaint to a promissory note for $7,000 simulated a few days before his death by José García Acevedo and delivered to Bárbara Ramírez de Arellano with the intent to defraud his wife Socorro Calvo Ríos, who at that time was confined in the Insular Insane Asylum. It is also alleged that this had the effect of diminishing the community property which existed on that date. If in fact what is sought

582

to be alleged is that José García Acevedo and Bárbara Ramírez de Arellano agreed to simulate a promissory note and to dispose of a sum belonging to the community property, thus depriving Socorro Calvo Ríos of a part of her property, the plaintiff ought to have an opportunity to clarify her complaint by making the proper amendment. If the widow was deprived of her share in the community property or a part thereof by a fraudulent transaction, Felícita Calvo Ríos, as her heir, has a right to bring the proper suit.

The judgment appealed from must be affirmed as to the first two causes of action and reversed as to the third, and the case remanded for further proceedings in accord with this opinion.